Halldora Kristin SIGURDSON, Plaintiff,

v.

Albert DEL GUERCIO, Defendant.

No. 18089.

United States District Court
S. D. California,
Central Division.

July 26, 1957.

John P. Tobin, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., and Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Sigurdson, a native and national of Canada, first came to the United States in 1944. In July, 1949, she took a vacation in Mexico. On October 10, 1951, a warrant was issued for her arrest for deportation, it being charged that prior to her reentry, following the vacation in Mexico, she had been a member of or affiliated with the Communist Party of the United States, and hence that she was subject to deportation pursuant to the provisions of the Internal Security Act of 1950, Ch. 1024, 81st Cong. 2nd Session, 64 Stat. 987, 1006, 50 U.S.C.A. § 781 et seq.

Administrative hearings upon the warrant were commenced October 24, 1951, and continued from time to time thereafter and concluded on February 20, 1952. At such hearings the plaintiff was present and represented by counsel. The hearing officer made findings and a decision that plaintiff was a voluntary member of the Communist Party of the United States for a period of time during the years 1946–1947, concluded that she was subject to deportation and recommended that she be ordered deported. His findings and decision were approved and adopted by the appropriate officer of the Immigration and Naturalization Service, and plaintiff's appeal therefrom was dismissed by the Board of Immigration Appeals on March 19, 1953. A final warrant or order of deportation was issued March 30, 1953.

Plaintiff filed a petition for a writ of habeas corpus seeking judicial review of the deportation proceedings. The District Court reviewed the administrative proceedings and dismissed the petition upon the merits. The Court of Appeals affirmed, Sigurdson v. Landon, 9 Cir., 215 F.2d 791. The Supreme Court denied certiorari, 348 U.S. 916, 75 S.Ct. 298, 99 L.Ed. 718; rehearing denied 348 U.S. 956, 75 S.Ct. 437, 99 L.Ed. 747.

In this action for declaratory relief the plaintiff seeks a *second judicial review of the same* administrative proceeding. Undaunted by the judgment of the District Court, the affirmance of the Court of Appeals and the denial of certiorari by the Supreme Court, she asks this Court to proclaim that those tribunals were in error.[1]

■ The Ninth Circuit decision in Cruz-Sanchez v. Robinson, —— F.2d ——, decided June 15, 1957, is dispositive of this case. See also Rystad v. Boyd, 9 Cir., 246 F.2d 246, decided June 21, 1957. An alien may not have a redetermination of issues adjudicated in a previous judicial review. Judicial review of an administrative proceeding may be had *either* by habeas corpus *or* an action for declaratory relief. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 594, 99 L.Ed. 868, but Congress did not intend successive judicial reviews of the same administrative action with the resultant anomalous situation of having a District Court determine whether the prior decision of a Court of Appeals should be set aside as erroneous.

---

1. The following colloquy took place at the hearing:

"The Court: * * * This is all matter that was in the habeas corpus proceeding, was it not?

"Mr. Tobin: Yes.

"The Court: And, as a matter of fact, the Court of Appeals went all through this, including the clicks, and so forth, and discussed the question of the clicks. All this was presented to the Court of Appeals. Is that not true?

"Mr. Tobin: Yes. And they erred on the point.

"The Court: And you want me to overrule the Court of Appeals, is that correct? You want me to decide this differently than the Court of Appeals decided it, is that what you seek?

"Mr. Tobin: Yes, your Honor"

222

 This Court granted a motion of the defendant "Transferring to this Action, the Record, Findings, Judgment and Proceedings in Habeas Corpus Action, In the Matter of Halidora Kristin Sigurdson, No. 15648–C". The Court finds that the administrative proceedings which plaintiff asks this Court to review are the identical proceedings reviewed by the Court in Habeas Corpus Action No. 15648–C, which judgment was affirmed by the Court of Appeals (215 F.2d 791) and concludes as a matter of law that said judgment precludes a second judicial review of the same administrative action.

The findings of fact and conclusions of law appearing in this Memorandum of Decision shall serve the purpose stated in Rule 52 Federal Rules of Civil Procedure, 28 U.S.C.A. A formal judgment shall be entered accordingly.